UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| **BRENDA COVERT,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   CASE NO.: _____ |
| | ) |
| **SUNBEAM PRODUCTS, INC. AND** | )   **JURY TRIAL DEMANDED** |
| **NEWELL BRANDS, INC;** | ) |
| | ) |
|     **Defendants.** | ) |
| | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, **BRENDA COVERT** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, alleges the following:

## NATURE OF THE CASE

1. Defendants Sunbeam Products. Inc. and Newell Brands, Inc. (hereinafter collectively referred to as "Defendants") design, manufacture, market, import, distribute and sell a wide-range of consumer products, including the subject "Crock-Pot Express Crock Multicooker," which specifically includes the Model Number SCCPPC 600-V1 (referred to hereafter as "Pressure Cooker(s)").

2. Defendants tout that their Pressure Cookers are designed with "safety in mind,"[1] which include supposed "safety measures"[2] such as "safety sensors"[3] that purport to keep the lid from being opened while the unit is under pressure.

---

[1] *See* Sunbeam Products, Inc. Crock-Pot Express Crock Multicooker Owner's Manual, pg. 10, attached hereto as Exhibit A
[2] *Id.*
[3] *Id.*

1

3. Despite Defendants' claims of "safety," they designed, manufactured, marketed, imported, distributed and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to their consumers.

4. Specifically, said defects manifest themselves when, despite Defendants' statements, the lid of the Pressure Cooker is removable with built-up pressure, heat and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. The Plaintiff in this case was able to remove the lid while the Pressure Cooker retained pressure, causing her serious and substantial bodily injuries and damages.

5. On November 24, 2020, the Consumer Products Safety Commission ("CPSC") announced a recall of more than 900,000 of Defendants' SCCPPC600-V1 pressure cookers, which includes the subject pressure cooker, after receiving "**119 reports of lid detachment, resulting in 99 burn injuries ranging in severity from first-degree to third-degree burns**."[4]

6. Defendants knew or should have known of these defects but have nevertheless put profit ahead of safety by continuing to sell their Pressure Cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to timely recall the dangerously defective Pressure Cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

---

[4] *See* the CPSC Recall notice from November 24, 2020 (https://www.cpsc.gov/Recalls/2020/crock-pot-6-quart-express-crock-multi-cookers-recalled-by-sunbeam-products-due-to-burn#), a copy of which is attached hereto as Exhibit B.

7. Defendants ignored and/or concealed their knowledge of these defects in their Pressure Cookers from the Plaintiff in this case, as well as the public in general, in order to continue generating a profit from the sale of said Pressure Cookers, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and consumers like her.

8. As a direct and proximate result of Defendants' conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF BRENDA COVERT

9. Plaintiff is a resident and citizen of the city of Citronelle, County of Mobile, State of Alabama.

10. On or about March 24, 2023, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the Pressure Cooker's lid being able to be opened while the Pressure Cooker was still under pressure, during the normal, directed use of the Pressure Cooker, allowing their scalding hot contents to be forcefully ejected from the Pressure Cooker and onto Plaintiff. The incident occurred as a result of the failure of the Pressure Cooker's supposed "safety measures," which purport to keep the consumer safe while using the Pressure Cooker. In addition, the incident occurred as the result of Defendants' failure to redesign the Pressure Cooker, despite the existence of economical, safer alternative designs.

## DEFENDANTS SUNBEAM PRODUCTS, INC. & NEWELL BRANDS, INC.

11. Defendants design, manufacture, market, import, distribute and sell a variety of consumer products[5] including pressure cookers, toasters, panini makers, and mixers, amongst others.

---

[5] *See generally*, https://www.sunbeam.com/ (last accessed November 3, 2022).

12. Defendants claim that through their "cutting-edge innovation and intelligent design"[6] it has been "simplifying the lives of everyday people"[7] for "over 100 years".[8]

13. Defendant **SUNBEAM PRODUCTS, INC.** is a Delaware Corporation with its registered place of business at 6655 Peachtree Dunwoody Road, Atlanta, Georgia 30328, and its principal place of business located at 2381 Executive Center Drive, Boca Raton, Florida 33431. At all times relevant, Defendant Sunbeam Products, Inc. substantially participated in the distribution, design, manufacture, sale, and recall of the subject pressure cooker, which caused Plaintiff's injuries and damages. Defendant Sunbeam maintains a registered agent to transact business in Georgia where they may be served with Summons and the Complaint, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, GA 30092.

14. Defendant **NEWELL BRANDS, INC.** is a Delaware Corporation with its principal place of business located at 6655 Peachtree Dunwoody Road, Atlanta, Georgia 30328. At all times relevant, Defendant Newell Brands substantially participated in the distribution, design, manufacture, sale, and recall of the subject pressure cooker, which caused Plaintiff's injuries and damages. Defendant Newell maintains a registered agent to transact business in Georgia where they may be served with Summons and the Complaint, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, GA 30092.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or

---

[6] See, https://www.newellbrands.com/our-brands/sunbeam (last accessed March 28, 2022).
[7] *Id.*
[8] *Id.*

value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

## FACTUAL BACKGROUND

17. Defendants are engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the Pressure Cookers at issue in this litigation.

18. Defendants aggressively warrant, market, advertise and sell their Pressure Cookers as "an all-in-one appliance that's always ready when you are,"[9] allowing consumers to cook "instant, healthy, home-cooked dish in under an hour."[10]

19. According to the Owner's Manual[11] accompanying each individual unit sold, the Pressure Cookers purport to be designed with "safety in mind and has various safety measures."[12]

20. For instances, the Defendants claim that their pressure cookers include "safety sensors"[13] to keep the lid from being opened while the unit is under pressure; that "[p]ressure will not build if the Lid is not shut correctly and has not sealed"[14]; and that "[o]nce the pressure increases, the Lid cannot be opened."[15]

---

[9] *See* https://www.crock-pot.com/multi-cookers/express-crock/crock-pot-6-quart-express-crock-multi-cooker/SCCPPC600-V1.html (last accessed December 2, 2024).
[10] *Id.*
[11] *See* Sunbeam Products, Inc. Crock-Pot Express Crock Multicooker Owner's Manual ("Exhibit A"), pg. 10.
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*

5

21.     In addition to the "safety measures" listed in the manual, Defendants' Crock-Pot website claims that consumers can "cook with confidence" because the "airtight locking lid remains locked while pressure is inside the unit."[16]

22.     On November 24, 2020, the Consumer Products Safety Commission ("CPSC") announced a recall of more than 900,000 of Defendants' SCCPPC600-V1 pressure cookers, which includes the subject pressure cooker, after receiving "**119 reports of lid detachment, resulting in 99 burn injuries ranging in severity from first-degree to third-degree burns**."[17]

23.     By reason of the forgoing acts or omissions, the above-named Plaintiff and/or her family purchased their Pressure Cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for their intended, foreseeable use of cooking.

24.     Plaintiff used her Pressure Cooker for its intended purpose of preparing meals for herself and/or family and did so in a manner that was reasonable and foreseeable by Defendants.

25.     However, the aforementioned Pressure Cooker was defectively designed and manufactured by Defendants in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the Pressure Cookers.

---

[16] *See* https://www.crock-pot.com/multi-cookers/express-crock/crock-pot-6-quart-express-crock-multi-cooker/SCCPPC600-V1.html (last accessed March 28, 2022).
[17] *See* the CPSC Recall notice from November 24, 2020 (https://www.cpsc.gov/Recalls/2020/crock-pot-6-quart-express-crock-multi-cookers-recalled-by-sunbeam-products-due-to-burn#), a copy of which is attached hereto as Exhibit B.

26. Defendants' Pressure Cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

27. Further, Defendants' representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

28. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

29. As a direct and proximate result of Defendants' intentional concealment of such defects, their failure to warn consumers of such defects, their negligent misrepresentations, their failure to remove a product with such defects from the stream of commerce, and their negligent design of such products, Plaintiff used an unreasonably dangerous Pressure Cooker, which resulted in significant and painful bodily injuries upon Plaintiff's simple removal of the lid of the Pressure Cooker.

30. Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendants' Pressure Cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CAUSES OF ACTION

### COUNT ONE
### ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE
(All Defendants)

31. Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. At the time of Plaintiff's injuries, Defendants' pressure cookers, including the subject pressure cooker, were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

33. The subject pressure cooker was in the same or substantially similar condition as when it left the possession of the Defendants.

34. Plaintiff did not misuse or materially alter the subject pressure cooker.

35. The subject pressure cooker did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

36. Defendants knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, yet Defendants continued to market its pressure cookers to the general public (and continue to do so).

37. The Plaintiff in this case reasonably relied on Defendants' representations that its pressure cookers, including the subject pressure cooker, were a safe and effective means of preparing meals.

38. Defendants' pressure cookers are defective in design or formulation.

39. Defendants' pressure cookers are defective due to inadequate warning or instruction.

40. Defendants' pressure cooker is defective for failing to conform to a representation made by the manufacturer.

41. The defective condition of the subject pressure cooker includes, *inter alia,* the following:

   a. The subject pressure cooker designed, manufactured, sold, and supplied by Defendants were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

    b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

    c. Defendants failed to properly market, design, manufacture, distribute, supply, and sell the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker, despite having extensive knowledge that the aforementioned injuries could and did occur;

    d. Defendants failed to use due care in designing and manufacturing the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker to avoid the aforementioned risks to individuals;

    e. Defendants failed to warn and place adequate warnings and instructions on the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker;

    f. Defendants failed to adequately test the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker;

    g. Upon information and belief, Defendants failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff's injuries and damages; and

    h. Upon information and belief, Defendants also failed to disclose material facts regarding the safety and efficacy of the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker, including information regarding their propensity to cause personal injuries.

42. Defendants' pressure cookers were defective in that at the time the subject pressure cooker left the control of Defendants, the foreseeable risks associated with its design or formulation exceeded the benefits associated with that design or formulation.

43. The subject pressure cooker did not conform to the standards of similar or identical pressure cookers due to its propensity for the lid to be removed while the unit remains under pressure .

44. The propensity for the lid to be removed while the unit remains under pressure during its normal, foreseeable use, was not an open and obvious risk.

45. The subject pressure cooker was in an unsafe, defective, and inherently dangerous condition which was unreasonably dangerous to its users and, in particular, Plaintiff.

46. The Defendants in this case had a duty to provide Plaintiff and other consumers with true and accurate information and warnings of any known dangers of the pressure cookers it marketed, distributed and sold.

47. The Defendants in this case knew or should have known, based on prior experience that its representations regarding its pressure cookers were false, and that it had a duty to disclose the dangers associated with their pressure cookers.

48. As a direct and proximate result of Defendants' defective pressure cooker, the Plaintiff in this case suffered significant, painful and permanent bodily injuries, physical pain, mental anguish, medical expenses, and overall diminished enjoyment of life. The Defendants in this case are liable for these losses.

**COUNT TWO**
**NEGLIGENCE/WANTONNESS**
**(All Defendants)**

49. Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint as if fully set forth herein.

50. Defendants owed a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff.

51. Defendants failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its pressure cookers in that Defendants knew or should have known that said pressure cookers, including the subject pressure cooker, created a high risk of unreasonable harm to the Plaintiff and

consumers alike due to their propensity for the lid to be removed while the unit remains under pressure.

52. The Defendants in this case were negligent in the design, manufacture, advertising, warning, marketing, and sale of their pressure cookers, including the subject pressure cooker in that, *inter alia*, they:

   a. Failed to properly market, design, manufacture, distribute, supply, and sell the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker, despite having extensive knowledge that the aforementioned injuries could and did occur;

   b. Failed to warn and place adequate warnings and instructions on the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker;

   c. Failed to adequately test the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker;

   d. Failed to use due care in designing and manufacturing the subject pressure cooker, including pressure cookers similar or identical to the subject pressure cooker to avoid the aforementioned risks to individuals;

   e. Placed an unsafe product into the stream of commerce;

   f. Were otherwise careless or negligent.

53. As a direct and proximate result of Defendants' negligence, the Plaintiff in this case suffered significant, painful and permanent bodily injuries, physical pain, mental anguish, medical expenses, and overall diminished enjoyment of life. The Defendants in this case are liable for these losses.

## COUNT THREE
## BREACH OF EXPRESS AND IMPLIED WARRANTIES
### (All Defendants)

54. Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint as if fully set forth herein.

55.     Defendants manufactured, supplied, and sold their pressure cookers, including the subject pressure cooker, with express warranties that the cookers would not pressurize without a the cover securely locked; that the covers of the cookers would not open while under pressure; that the pressure cookers were equipped with safety features that would prevent the cookers from opening under pressure; and that the cookers conformed with applicable UL safety standards. These express warranties about Plaintiff's cooker, made by Defendants, were false.

56.     Defendants manufactured, supplied, and sold their pressure cookers, including the subject pressure cooker, with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely preparing meals.

57.     The Defendants are each a "seller" for purposes of the cooker's warranties pursuant to ALA. CODE § 7-2-314.

58.     Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of these warranties.

59.     Defendants' pressure cookers, including the subject pressure cooker, were not fit for the particular purpose as a safe means of cooking meals, due to the unreasonable risks of bodily injury associated with their use.

60.     Furthermore, Defendants' pressure cookers, including the subject pressure cooker, were not merchantable and fit for their ordinary purpose, because they have the propensity for the lid to be removed while the unit remains under pressure.

61.     The Plaintiff in this case reasonably relied on Defendants' representations that its pressure cookers, including the subject pressure cooker, were fit for the particular purpose of cooking quickly, efficiently, and safely.

62. Additionally, Plaintiff used the subject pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking quickly, efficiently and safely.

63. As a direct and proximate result of Defendants' breach of the aforementioned warranties, the Plaintiff in this case suffered significant, painful and permanent bodily injuries, physical pain, mental anguish, medical expenses and overall diminished enjoyment of life. The Defendants in this case are liable for these losses.

## **INJURIES & DAMAGES**

64. As a direct and proximate result of Defendants' collective negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendants for these injuries in an amount which shall be proven at trial.

65. As a direct and proximate result of Defendants' negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendants in an amount to be proven at trial.

66. As a direct and proximate cause of Defendants' negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred medical treatment, as well as other expenses, as a result of the severe burns she suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendants for her past, present and future medical and other expenses in an amount which shall be proven at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against all Defendants, jointly and severally, on each of the above-referenced claims and Causes of Action as follows:

A. That Defendants Answer this Complaint as provided by law;

B. That Plaintiff has a trial by jury on all of the claims and issues;

C. That judgment be entered in favor of Plaintiff and against Defendants, jointly and severable, on all of the aforementioned claims and issues;

D. That Plaintiff recover all damages against Defendants, both economic and non-economic, to compensate Plaintiff for her injuries and suffering sustained because of the use of the Defendants' product;

E. That punitive or exemplary damages be award according to proof;

F. That all costs be taxed against Defendants; and

G. That this Court awards any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

## **JURY DEMAND**

Plaintiff demands a trial by struck jury on all issues so triable.

**CORY WATSON, P.C.**

Dated: March 18, 2025

*/s/ Adam W. Pittman, Esq.*
Adam W. Pittman (ASB-0146-A33P)
2131 Magnolia Avenue, Suite 200
Birmingham, AL 35205
(205) 328-2200
(205) 324-7896 (fax)
apittman@corywatson.com

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq.
To Apply for Admission *Pro Hac Vice*
444 Cedar Street, Suite 1800

14

St. Paul, MN 55101
(612) 436-1800
(612) 436-1801 (fax)
akress@johnsonbecker.com

***Attorneys for Plaintiff***